IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA, FLORIDA)

| | |
|---|---|
| JASENIA VALENTIN<br>5928 Sun Glo Avenue<br>Port Richey, Florida 34668<br><br>And<br><br>MICHELLE DICORTE<br>3411 S Carter Street<br>Tampa, Florida 33629<br><br>And<br><br>SHARESSE BUNN<br>7359 Acorn Circle<br>Spring Hill, Florida 34606<br><br>*On Behalf of Themselves and All*<br>*Other Similarly Situated Individuals*<br><br>PLAINTIFFS,<br><br>   v.<br><br>GOODFELLOWS OF PASCO COUNTY, INC.<br>d/b/a BRASS FLAMINGO<br>9034 US-19<br>Port Richey, Florida 34668<br><br>SERVE:  O'Connor Law Firm<br>2240 Bellair Road, Suite 115<br>Clearwater, Florida 33764<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*****************************************************************************

## **CLASS AND COLLECTIVE ACTION COMPLAINT**

1.  This is a class and collective action brought by Plaintiffs Jasenia Valentin ("Ms. Valentin"), Michelle Dicorte ("Ms. Dicorte"), and Sharesse Bunn ("Ms. Bunn") (together, "Plaintiffs") against Defendant Goodfellows of Pasco County, Inc. d/b/a the Brass Flamingo

Gentlemen's Club located at 9034 US-19 Port Richey, Florida 34668 (hereafter "Brass Flamingo" or "Defendant").

2. The class and collective is composed of female employees who, during the relevant period of January 2016 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant at Defendant's Brass Flamingo Gentlemen's Club in Port Richey, Florida, and were denied their fundamental rights under applicable state and federal laws.

3. Specifically, Plaintiffs complain that Defendant misclassified Plaintiffs and all other members of the class and collective as "independent contractors."

4. As a result, Defendant failed to pay Plaintiffs and all other members of the class and collective minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

5. As a further result, Defendant failed to pay Plaintiffs and all other members of the class minimum wage compensation they were entitled to under the Florida Minimum Wage Act, Title XXI, Chapter 448.110 and Florida Constitution Article X Section 24 ("FMWA").

6. Plaintiffs bring this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7. Ms. Valentin is an adult resident of Port Richey, Florida, Florida.

8. Ms. Dicorte is an adult resident of Tampa, Florida.

9. Ms. Bunn is an adult resident of Spring Hill, Florida.

10. By acting as the named plaintiffs and class representatives in this action, Plaintiffs each

affirm their consent, in the writing of this Complaint, to participate as a plaintiff and class representative in a class and collective action under the FLSA.

11. By acting as the named plaintiffs and class representatives, Plaintiffs each affirm their consent, in the writing of this Complaint, to participate as a plaintiff and class representative in a class action under the FMWA.

12. Starting on January 5, 2021, and continuing in subsequent letters and correspondence, Plaintiffs served Defendant's legal counsel Luke Lirot, Esq. and Defendant's Florida Registered Agent with a pre-litigation FMWA Notice Requirement under Fla. Stat. § 448.110(6)(b) ("the Notice").

13. In the Notice, Plaintiffs presented Defendant with a description of the factual and legal nature of the claims of Plaintiffs and the FMWA class and presented Defendant with a monetary settlement demand for the individual claims of Plaintiffs and a monetary settlement demand for the resolution of the claims of the entire FMWA class.

14. The Notice provided Defendant with fifteen (15) calendar days to accept or respond to Plaintiffs' demand set forth in the Notice.

15. Defendant did not respond to the Notice within fifteen (15) calendar days following receipt of the Notice.

16. In Plaintiffs' pre-litigation correspondence to Defendant's counsel and Defendant's Florida Registered Agent, Plaintiffs advised Defendant as follows:

> It is likely that Brass Flamingo or one of its managers required one or more [Plaintiffs] to sign a document [it] will assert constitutes a valid and/or binding arbitration agreement. Insofar as each [Plaintiff] now individually and collectively make a claim for damages that may fall under such an agreement, [undersigned counsel is] expressly requesting an opportunity to view and review each of these documents.
>
> Should Brass Flamingo fail or refuse to produce a valid and/or binding arbitration

3

agreement, signed and executed by each [Plaintiff], by or before Friday, January 22, 2021, [Plaintiffs] will consider Brass Flamingo to have knowingly and intentionally waived its right to enforce such an agreement to compel arbitration of [Plaintiffs' claims] or of the claims of other similarly situated current or former exotic dancers.

17. Defendant has failed and/or refused to produce a valid and/or binding arbitration agreement for any Plaintiff or otherwise respond that any Plaintiff or any class member is bound by a valid or enforceable arbitration agreement.

18. Defendant has knowingly and intentionally waived its right to assert that an arbitration agreement exists as to any Plaintiff or any class member and, by its actions, is otherwise estopped from compelling the claims of Plaintiffs and/or any class member to arbitration.

19. Defendant is a corporation formed in the State of Florida that operates as the Brass Flamingo, a strip club featuring female exotic dancers at the address 9034 US-19, Port Richey, Florida 34668.

20. During the period relevant to this action, Defendant qualified as Plaintiffs' employer and the employer of all other exotic dancers at Brass Flamingo, within the meaning of the FLSA.

21. During the period relevant to this action, Defendant qualified as Plaintiffs' employer and the employer of all other exotic dancers at Brass Flamingo, within the meaning of the FMWA.

22. During the period relevant to this action, Defendant had gross revenue and sales exceeding $500,000.00, through the sale of beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

23. This Court has personal jurisdiction over Defendant, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated FMWA state law claims, and constitutes proper venue pursuant to 28

U.S.C. § 1391.

## FACTS

24. Ms. Valentin was employed by Defendant as an exotic dancer at its Brass Flamingo Gentlemen's Club in Port Richey, Florida, for the period of about May 2019 through about March 2020 and again from about September 2020 until Defendant terminated her employed in January 2021.

25. Ms. Bunn was employed by Defendant as an exotic dancer at its Brass Flamingo Gentlemen's Club in Port Richey, Florida, for the period of about January 2017 through about December 2020.

26. Ms. Dicorte was employed by Defendant as an exotic dancer at its Brass Flamingo Gentlemen's Club in Port Richey, Florida, for the period of about January 2017 through about December 2020.

27. During the period of Plaintiffs' employment, the number of shifts Plaintiffs worked varied from week to week.

28. During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

29. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiffs and all other exotic dancers employed by Defendant during the relevant period.

30. At all times, Defendant had actual knowledge of all hours Plaintiffs and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties and the work duties of other exotic dancers at Brass Flamingo.

31. At no time during Plaintiffs' period of employment did Defendant ever pay Plaintiffs or any other exotic dancers any wages for hours that Plaintiffs and other exotic dancers worked each week.

32. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiffs and all other exotic dancers for work duties performed.

33. At all times relevant, Defendant misclassified Plaintiffs and all other exotic dancers at Brass Flamingo as independent contractors when these individuals should have been classified under the FLSA as employees.

34. At all times relevant, Defendant misclassified Plaintiffs and all other exotic dancers at Brass Flamingo as independent contractors when these individuals should have been classified under the FMWA as employees.

35. At all times, Defendant controlled all aspects of the job duties Plaintiffs and all other exotic dancers performed inside Brass Flamingo through employment rules and workplace policies.

36. At all times, Defendant controlled the method by which Plaintiffs and all other exotic dancers could earn money at Brass Flamingo by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

37. At all times, Defendant required Plaintiffs and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

38. Defendant hired Plaintiffs and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

39. Defendant, through supervisors and managers, supervised the duties of Plaintiffs and all other exotic dancers to make sure their job performance was of sufficient quality.

40. Defendant conducted initial interviews and vetting procedures for Plaintiffs and other exotic dancers and, at Brass Flamingo's sole discretion, Brass Flamingo's management and/or ownership could deny any Plaintiffs or any other dancer access or ability to dance and/or work at Brass Flamingo.

41. At all times, Defendant had the right to suspend or send Plaintiffs or other exotic dancers home and away from Brass Flamingo if Plaintiffs or other dancers violated rules or policies or if Brass Flamingo's ownership or management, at its discretion, did not want Plaintiffs or any other dancer at Brass Flamingo.

42. As a condition of employment with Defendant, Plaintiffs and other dancers were not required to have or possess any requisite certification, education, or specialized training.

43. At all times relevant, Defendant was in the business of operating a night club featuring exotic dancers.

44. At all times relevant, it was Plaintiffs' job duty and the job duty of each other exotic dancer to perform as an exotic dancer for Defendant's customers at the Brass Flamingo.

45. In addition to failing to pay Plaintiffs and all other exotic dancers any wages for hours worked, Defendant required Plaintiffs and all other exotic dancers to pay Brass Flamingo or its ownership or management a house fee or kickback of $25.00-$50.00 or more for each shift Plaintiffs and the other exotic dancers worked.

46. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiffs and other exotic dancers received from customers.

47.     For at least the past twenty (20) years, strip clubs like Brass Flamingo have been sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

48.     On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for at least the past twenty (20) years, there have been ongoing or past litigation by exotic dancers against strip clubs like Brass Flamingo in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

49.     On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for at least the past twenty (20) years, courts across the country in ongoing or past litigation have found that exotic dancers like Plaintiffs and other exotic dancers at Brass Flamingo were employees and not independent contractors and were owed minimum wage compensation under the FLSA and the FMWA.

50.     For the entire period relevant to this action, Defendant has had actual or constructive knowledge Brass Flamingo misclassified Plaintiffs and other exotic dancers at Brass Flamingo as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA and the FMWA.

## CLASS ALLEGATIONS

51.     Plaintiffs bring this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52.     The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant time period, worked as an exotic dancer at Defendant's Brass Flamingo strip club, but

were designated as an independent contractor and therefore, were not paid minimum wage compensation as required by the FMWA (hereinafter, "the Class").

53. On information and belief, the Class is believed to exceed fifty (50) current and former exotic dancers at Brass Flamingo and is therefore so numerous that joinder of all members is impracticable.

54. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

   i. Whether Defendant violated the FMWA by classifying all exotic dancers at Brass Flamingo as "independent contractors," as opposed to employees, and not paying them any wages;

   ii. Whether Defendant unlawfully required class members to split their tips with Defendant and and/or Defendant's managers;

   iii. Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

   iv. Whether Defendant violated the FMWA; and

   v. The amount of damages and other relief (including statutory liquidated damages) Plaintiffs and the Class are entitled to.

55. Plaintiffs' claims are typical of those of the Class.

56. Plaintiffs, like other members of the Class, were misclassified as independent contractors and denied their rights to wages and gratuities under the FMWA.

57. Defendant's misclassification of Plaintiffs was done pursuant to a common business practice which affected all Class members in a similar way.

58. Plaintiffs and the undersigned counsel are adequate representatives of the Class.

59. Given Plaintiffs' loss, Plaintiffs have the incentive and are committed to the prosecution of this action for the benefit of the Class.

60. Plaintiffs have no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

61. Plaintiffs have retained counsel experienced in class and collective actions and litigation of wage and hour disputes.

62. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

63. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs are pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of themselves and all other similarly situated individuals who at any time during the relevant time period worked for Defendant as an exotic dancer and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

65. Plaintiffs and the members of the Collective are similarly situated because each were (1) improperly classified by Defendant as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or

assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee kickbacks to Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

66. Plaintiffs' damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

67. On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at Brass Flamingo in the past three (3) years.

68. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at Brass Flamingo in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

69. Plaintiffs hereby incorporate paragraphs 1- 68, by reference as if fully set forth herein.

70. The FLSA required Defendant to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

71. The FLSA required that Defendant allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

72. As set forth above, Defendant failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

73. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

74. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## COUNT II
## VIOLATION OF FLORIDA MINIMUM WAGE ACT
(Failure to Pay Statutory Minimum Wage)

75. Plaintiffs hereby incorporate paragraphs 1 - 68 by reference as if fully set forth herein.

76. The FMWA required Defendant to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Florida Minimum Wage.

77. The FMWA required that Defendant allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

78. As set forth above, Defendant failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FMWA Florida Minimum Wage requirements.

79. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

80. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FMWA was willful and intentional and was not in good faith.

## COUNT III
## VIOLATION OF THE FLSA ANTI-RETALIATION PROTECTIONS

81. Plaintiffs hereby incorporate paragraphs 1 - 68 by reference as if fully set forth herein.

82. On or about January 5, 2021, Ms. Valentin, through her counsel, served a letter on Defendant's counsel and Florida Registered Agent identifying and describing Ms. Valentin's individual and class-claim for damages arising out of FLSA and FMWA violations. In this letter, Ms. Valentin presented a settlement demand for her individual claim or, in the alternative, a settlement for the Class claim.

83. On or about January 7, 2021, Ms. Bunn, through her counsel, served a letter on Defendant's counsel and Florida Registered Agent identifying and describing Ms. Bunn's individual and class-claim for damages arising out of FLSA and FMWA violations. In this letter, Ms. Bunn presented a settlement demand for her individual claim or, in the alternative, a settlement for the Class claim.

84. On or about January 11, 2021, Ms. Dicorte, through her counsel, served a letter on Defendant's counsel and Florida Registered Agent identifying and describing Ms. Dicorte's individual and class-claim for damages arising out of FLSA and FMWA violations. In this letter, Ms. Dicorte presented a settlement demand for her individual claim or, in the alternative, a settlement for the Class claim.

85. Following Defendant's receipt of pre-litigation demand letters served by Plaintiffs outlining claims by Plaintiffs against Defendant under the FLSA and FMWA, Defendants, by and through its owners, managers, and agents, engaged in unlawful retaliation expressly prohibited by the FLSA's anti-retaliation protections.

86. In retaliation for Plaintiffs asserting claims against Defendant under the FLSA and FMWA, Defendant, through its managers, terminated Ms. Valentin's employment and texted pictures and other descriptive information about Plaintiffs to other local area strip clubs to defame and humiliate Plaintiffs and to ensure that Plaintiffs would be blacklisted and otherwise

prevented from working as exotic dancers at other local strip clubs.

87.     As a direct result of Defendant's retaliatory actions, Plaintiffs have been defamed and humiliated and have been blacklisted and otherwise refused employment as exotic dancers at other local strip clubs.

88.     Defendant's retaliatory actions against Plaintiffs for Plaintiffs asserting claims against Defendant under the FLSA and FMWA are unlawful and have already caused damage severe emotional and economic damage to Plaintiffs.

89.     The FLSA provides that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or cased to be instituted any proceeding under [the FLSA]… " 29 U.S.C. § 215(a)(3).

90.     Defendant's retaliatory, defamatory, and malicious acts and statements against Plaintiffs as described in this count were and continue to be in direct retaliation against Plaintiffs for Plaintiffs engaging in an FLSA protected activity.

91.     Plaintiffs have suffered substantial economic and emotional damages arising out of Defendants' unlawful retaliatory acts in violation of the FLSA anti-retaliation protections.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.  Permitting Plaintiffs' Class claims under the FMWA to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B.  Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

  C. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the FMWA;

  D. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the FLSA;

  E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiffs and other similarly situated individuals;

  F. Judgment that Defendant's violations of the FMWA minimum wage requirements were not the product of good faith on the part of Defendant;

  G. Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

  H. Judgment that Defendant's violations of the FMWA minimum wage requirements were willful;

  I. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

  J. An award to Plaintiffs and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiffs and each similarly situated individual;

  K. An award to Plaintiffs and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

  L. An award of statutory liquidated damages in amounts prescribed by the FMWA;

  M. An award of statutory liquidated damages in amounts prescribed by the FLSA;

  N. An award of economic and compensatory damages against Defendant in the amount of $250,000.00 to each Plaintiff as damages to each Plaintiff for economic loss and emotional and other compensatory suffering arising out of Defendant's acts of unlawful FLSA retaliation as

to each Plaintiff;

    O.  An award of attorneys' fees and costs to be determined by post-trial petition;

    P.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    Q.  Such further relief as may be necessary and appropriate.

    Respectfully submitted,

Dated: January 26, 2021

/s/ David B. Sacks_____
David B. Sacks, FL Bar No. 964409
Law Office of David B. Sacks
P.O. Box 50159
Jacksonville, Florida 32240
(904) 634-1122(ph)
Email: david@lawofficejacksonville.com

Gregg C. Greenberg, MD Fed. Bar No. 17291
*To be Admitted Pro Hac Vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the Class / Collective*