## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

JASENIA VALENTIN, MICHELLE DICORTE
and SHARESSE BUNN On Behalf of
Themselves and All Other Similarly
Situated Individuals

       **PLAINTIFFS,**

**V.**

                   **Case No.: 8:21-cv-00190-VMC-TGW**

GOODFELLOWS OF PASCO COUNTY,
INC. d/b/a BRASS FLAMINGO,

       **DEFENDANT.**

      _____/

### DEFENDANT'S RESPONE IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY THIS MATTER AS A COLLECTIVE ACTION AND FOR A COURT AUTHORIZED NOTICE TO BE ISSUED UNDER SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT(ECF DOC. 25)

Defendant, GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS

FLAMINGO, a Florida Corporation, hereby file this Response in Opposition to

Plaintiff's Motion to Conditionally Certify This Matter as a Collective Action

and for a Court-Authorized Notice to be Issued Under Section 216(b) of the

Fair Labor Standards Act, (DOC. 25), and in support thereof would state as

follows:

### PROCEDURAL HISTORY

1.    On January 26, 2021, Plaintiffs filed the operative Complaint (Doc. 1)

against Defendant.

2.      On February 22, 2021, Defendant filed Answer and Affirmative Defenses, (Doc. 7), for Jesenia Valentin, because the standard contract all performers associated with Defendant sign, and which contains an Arbitration clause, could not be found.

3.      In contrast, having successfully located the standard contracts for Plaintiffs Bunn and Dicorte, on February 22, 2021, Defendant filed a Motion Compelling Arbitration, (Doc. 8), pertaining to Plaintiffs Sharese Bunn and Michelle Dicorte.

4.      Subsequently, on February 26, 2021, Defendant filed a Notice of Withdrawal of Motion to Compel Arbitration (Doc. 15), in the interest of judicial economy and in a good faith, to attempt to resolve all of the alleged claims in a "global resolution" and avoid the vast expenses associated with arbitration.

5.      On March 8, 2021, Defendant's filed a Second Amended Answer and Affirmative Defenses, (Doc. 23), responsive to all Plaintiffs (as discussed previously) in order to prevent the costs, and expenditure of time and resources involved in two arbitrations, and a seperate Federal lawsuit, simultaneously.

6.      On March 10, 2021, Plaintiffs' filed their Motion to Certify Class, (Doc. 25) to which this submittal is reposnsive.

### STATEMENT OF FACTS

7.      Alleged in the Complaint are a variety of causes of action, including Count I: Violation of Fair Labor Standards Act, (Failure to Pay Statutory Minimum Wages), Count II: Violation of Florida Minimum Wage Act (Failure to Pay

Statutory Wage); and Count III- Violation of the FLSA Anti-Retaliation Protections; alleged against Defendant.

8.    Based on information and belief, at least two Plaintiffs and Defendant executed an Arbitration Agreement ("the Agreement").

9.    Currently, no agreement for Ms. Valentin, has been discovered, however executed agreements for Ms. Dicorte and Ms. Bunn, signed on March 26, 2018 and November 21, 2018, respectively (Doc. 8-1 and 8-2), have been filed and contain waiver of class action language.

10.   In the Agreement, the waiver of class action language is as follows:

4.        The parties to this Agreement agree that "covered claims" include, but are not limited to, all grievances, disputes, claims, or causes of action in any federal, state, and/or local court or agency under any applicable federal, state, and/or local law that may arise as a result of the • services Entertainer provides at Club, including but not limited to claims alleging discrimination, harassment, retaliation, breach of the parties' Independent Contractor Agreement, and/or related to Entertainer's compensation for the services Entertainer performs, and specifically including any claim or cause of action alleging Entertainer is an employee of Club and/or was improperly or insufficiently paid wages under the Fair Labor Standards Act ("FLSA") or any state or local wage and hour law, regardless of whether the covered claims arose or accrued prior or subsequent to Entertainer entering into this Agreement.

5.        The parties to this Agreement understand and fully agree that they are required to bring all covered claims in one arbitration proceeding. Any covered claim not brought as one arbitration proceeding shall be waived and precluded. The arbitrator shall have the power to hear as many covered claims the Club or Entertainer may have against each other consistent with the terms of this Agreement.

6.        The parties to this Agreement understand and fully agree that by entering into this Agreement  to arbitrate they are giving up their right to  have a trial  by jury, and are giving up their normal rights of

appeal following the rendering of a decision except as law provides for judicial review of arbitration proceedings.

7.      The parties to this Agreement  agree that the arbitrator  has no authority  to and shall not consolidate claims of different entertainers and/or employees into one proceeding, nor shall the arbitrator have the power to hear an arbitration as a class or collective action (a class or collective action involves an arbitration or lawsuit where representative members of a group who claim to share a common interest seek class or collective relief), and the  parties  to  this Agreement shall not be allowed to submit covered claims to arbitration as a representative of or participant to a class or collective action or a claim seeking class or collective relief   If this class or collective action waiver is deemed to be unenforceable, then Club and Entertainer  agree that this Agreement is otherwise silent as to any party's ability to bring a class or collective action in arbitration.

11.   Additionally, the Contract contains a severability clause keeping any waiver of

class action alive even if other portions of the agreement are found void or

unenforceable, as shown in the following:

16.      The parties to this Agreement agree that they may settle their dispute at any time without involvement of the arbitrator.

17.      If any term or provision or portion of this Agreement is declared void or unenforceable, it shall be severed and the remaining terms, provisions, or portions of this Agreement shall be enforceable.

12.   As a result, the claims of DICORTE and BUNN should not be certified for class

action. Additionally, certification should be withheld until it can be confirmed

through discovery that VALENTIN does have a signed agreement as well,

since EVERY performer is required to have a signed agreement prior to

providing any performances within Defendant's establishment.

## **LEGAL ARGUMENT**

# I.   STANDARD OF REVIEW

## a.   The Standard for Conditional Certification

Court-supervised notice is only appropriate in those limited circumstances
where the plaintiff demonstrates that: (1) there are potential class members who
desire to join the lawsuit; (2) the potential class members are similarly-situated;
and (3) the factual similarities among the plaintiffs are such as to render them
manageable as a class and promote the efficient resolution in one proceeding of
common issues of law and fact arising from the same alleged activity, e.g., that
providing notice to bring individuals into one case is an efficient way to handle
the case. See *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ("The
judicial system benefits by efficient resolution in one proceeding of common
issues of law and fact arising from the same alleged discriminatory activity");
*Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886 (11th Cir. 1983) (allegations of two
Florida employees not paid overtime insufficient for state-wide notice).

The Eleventh Circuit has made it clear that, in order for a district court to
facilitate notice in a § 216(b) case, a plaintiff must satisfy the requirements set
out above. Specifically, *Dybach v. State of Florida Dept. of Corrections,* holds
that a district court has the power to facilitate notice to potential class members
in a § 216(b) case only if it can "satisfy itself that there are other employees . . .
who desire to 'opt-in' and who are 'similarly situated' to plaintiff." 942 F.2d 1562,
1567 (11th Cir. 1991).

The holding in *Dybach* is consistent with the FLSA's prescription that notice

to potential plaintiffs is granted only when there has been a showing that such similarly-situated persons exist. 29 U.S.C. § 216(b); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (noting that to demonstrate similarly-situated people exist, a plaintiff must make substantial allegations through detailed allegations supported by affidavits).

The Plaintiffs have provided no documentation which would support that any additional plaintiff intends to opt-in, let alone exists, and most important, the only document action in existence form which any putative "class member" could be ascertained would be the agreement referenced above, with the "waiver of class action" language.

Additionally, Plaintiff cannot show that any of the alleged potential opt-ins would be eligible for class action lawsuit, as arbitration agreements have been signed as a matter of course. As result, Plaintiffs have failed to meet the three requirements necessary for certification

### b. A Lenient Standard Does Not Apply When Conditionally Certifying an FLSA Collection Action

"The policy rationale for collective action does not trump the "national policy favoring arbitration," *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). See *Adkins*, 303 F.3d at 503 ('[An] inability to bring a class action . . . cannot by itself suffice to defeat the strong congressional preference for an arbitral forum.'); see also *Walthour v. Chipio Windshield Repair, 745 F.3d 1326, at 1335 (11 Cir. 2014)* ('[A]fter reviewing the purposes of the FLSA, we conclude

that the enforcement of collective action waivers in arbitration agreements is also not inconsistent with the FLSA.')" *Walthour, at 745 F. 3d, 1336*.

To determine whether class certification is appropriate, Courts in the Eleventh Circuit utilize a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process. *See Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir. 2001) (collecting cases)). The first tier is referred to as the notice stage. *Id.* To meet the "similarly situated" requirement, Plaintiffs must make "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1219; *see also Demauro v. Limo, Inc.*, 2011 U.S. Dist. LEXIS 1229 at *8 (M.D. Fla. Jan. 3, 2011) (same). The second stage, often prompted by a motion for decertification, allows for the court to make a much more in-depth factual analysis of the "similarly situated" question. *See Pickering v. Lorillard Tobacco Co., Inc.*, 2012 U.S. Dist. LEXIS 10421, *9 (M.D. Ala. Jan. 30, 2012) (*citing Hipp*, 252 F.3d at 1214). The more differences that appear among the class, the less likely it is that they are similarly situated. *Id.*

Plaintiffs make no representations of specific class members who have a desire to join the lawsuit, and proffer no evidence that they and the purported class members they seek to represent are similarly-situated or suffered the same violations. While Plaintiffs' burden at this stage may be low, "it is not invisible." *Stanley v. CR Foods, LLC*, Case No. 08-23489-civ-JORDAN/McALILEY (S.D. Fla. Oct. 23, 2009) (quotation omitted). Not only have Plaintiffs failed to meet their

burden of demonstrating that there are other Entertainers who desire to join the suit and that they are similarly situated to the members of the proposed class, they have failed to demonstrate that proceeding as a class is the most efficient way to handle the case, nor can they do so in light of the very different ways in which Entertainers perform and earn money.

### c. Plaintiffs have not Amply Met their Burden of Production

The right to proceed on behalf of others is not automatic, but instead must be approved by the court. See *Brooks v. BellSouth Telecomm's, Inc.*, 164 F.R.D. 561, 566 (N.D. Ala. 1995), aff'd, 114 F.3d 1202 (11th Cir. 1997) (stating that "the broad remedial purposes of the FLSA are best served if the district court is found to have the authority and discretion to give notice to other potential class members to 'opt in' to plaintiff's class."). Further, "the decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." See *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

Court-supervised notice is only appropriate in those limited circumstances where the plaintiff demonstrates that: (1) there are potential class members who desire to join the lawsuit; (2) the potential class members are similarly-situated; and (3) the factual similarities among the plaintiffs are such as to render them manageable as a class and promote the efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity, e.g., that providing notice to bring individuals into one case is an efficient way to handle the

case. See *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity"); *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886 (11th Cir. 1983) (allegations of two Florida employees not paid overtime insufficient for state-wide notice).

The Eleventh Circuit has made it clear that, in order for a district court to facilitate notice in a § 216(b) case, a plaintiff must satisfy the requirements set out above. Specifically, *Dybach v. State of Florida Dept. of Corrections* holds that a district court has the power to facilitate notice to potential class members in a § 216(b) case only if it can "satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' to plaintiff." 942 F.2d 1562, 1567 (11th Cir. 1991). The holding in *Dybach* is consistent with the FLSA's prescription that notice to potential plaintiffs is granted only when there has been a showing that such similarly-situated persons exist. 29 U.S.C. § 216(b); *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996) (noting that to demonstrate similarly-situated people exist, a plaintiff must make substantial allegations through detailed allegations supported by affidavits).

Plaintiffs' Motion should be denied because they have failed to meet the elements required for court-supervised notice, nor can they do so.

### d. Plaintiffs have failed to establish that there are potential class members who desire to join this lawsuit

Plaintiffs' Motion is completely devoid of any evidence demonstrating there

are any Entertainers who desire to join this action. The fact that Plaintiffs have been unable to discover a new Entertainer interested in joining this case, is telling. Especially considering the representations elicited by the Plaintiffs. Plaintiffs cite to no record evidence indicating other potential class members exist, and they make no argument other than an assertion that others have performed services as Entertainers on Defendants' property.

As noted above, all three of the named Plaintiffs have not named specifically any other individuals who desire to join this lawsuit. Courts routinely have rejected certifying collective actions in the absence of such evidence. See *Galban v. Bill Seidle*, Case No. 1:09-cv-20301-UNGARO (S.D. Fla. Apr. 9, 2009) (denying conditional certification because the plaintiffs presented no evidence of potential class members who desired to join the lawsuit); *Hoffer v. Ocwen Loan Servicing, Inc.,* 2009 U.S. Dist. LEXIS 45536, *5 (S.D. Fla. May 19, 2009) (denying collective action certification where the plaintiffs' affidavits only asserted others were interested in joining without naming any individuals).

The fact that three individuals brought this action, on its own, is insufficient to make this showing.  See *Echevarria v. Las Vegas Beach*, Inc., 2010 U.S. Dist. LEXIS 61107, *5-6 (S.D. Fla. June 1, 2010) (denying certification where plaintiffs failed to identify other employees who desired to opt-in, other than noting the number of employees who already had opted in to the lawsuit). Moreover, the instant case has continued for months and consists of three plaintiffs, two of whom are barred by the execution of waiver of class action. See *id.* at *2 (noting that the

number of opt-ins does not demonstrate potential employees desire to opt-in because it could equally lend support to the conclusion that the action's existence is well-known and that all employees who have an interest in the matter already have opted in).

Significantly, Plaintiffs' assertions provide even less support for notification than the typical type of conclusory statements that courts have found insufficient to support a motion for notification. See *Ulysse v. Divosta Bldg. Co.*, 2006 U.S. Dist. LEXIS 89414, *3 (S.D. Fla. Dec. 7, 2006) (denying motion for notification because "plaintiff cannot rest his case on the argument of counsel, nor can plaintiff testify to his opinion that other employees may be interested in joining the action") (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983) and *Horne v. United Services Auto Assn*, 279 F.Supp.2d 1231, 1236 (M.D. Ala. 2003) (finding a plaintiff's personal beliefs insufficient to satisfy the standard)).

In *Rodgers v. CVS Pharmacy, Inc.,* 2006 U.S. Dist. LEXIS 23272 (M.D. Fla. Mar. 22, 2006), a case relied upon by Plaintiffs in their Motion, the plaintiffs submitted three declarations expressing their belief that other employees and former employees would choose to opt in to the case if invited to do so. None of the declarations, however, identified other employees who desired to opt in. Id. at *3. The Rodgers court, in denying the motion for notification, found that the plaintiffs' "averments that they 'believe' other employees would opt in are speculative, vague and conclusory." *Id.* at *4; see also *White v. KCPAR, Inc.,* 2006 U.S. Dist. LEXIS 100966, *7-8 (M.D. Fla. June 2, 2006) (denying motion for notification because

11

three "virtually identical affidavits" regarding plaintiffs' beliefs and unsupported expectations did not meet requisite showing and because "notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit"); *Barten v. KTK & Assoc., Inc.,* 2007 U.S. Dist. LEXIS 54068, *7 (M.D. Fla. July 24, 2007) (finding that plaintiffs' three declarations that they "think" other employees would opt in are "speculative, vague and conclusory" and holding that a "plaintiff's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class"); *Robinson v. Dolgencorp, Inc.*, 2006 U.S. Dist. LEXIS 85471, *14 (M.D. Fla. Nov. 13, 2006) (determining that conclusory affidavits of three plaintiffs were insufficient to demonstrate the existence of other similarly situated employees who desire to opt-in to action) (emphasis added).

Because Plaintiffs have been unable to discover a single Entertainer who wishes to opt in to this case in the past 3 months it has been pending, they have failed to meet their burden of showing there exist others who wish to opt in to this lawsuit, and their Motion must be denied.

**e. Plaintiffs have not established that the putative class members they believe might join this action are similarly situated**

Plaintiffs bear the burden of establishing that they and the purported class they seek to represent are similarly situated. See *Grayson*, 79 F.3d at 1097; *Haynes*, 696 F.2d at 887. Even where affidavit evidence is supplied, courts have

refused to authorize class notice where the affidavits consist of only unsupported generalities regarding widespread FLSA violations. See *Haynes*, 696 F.2d at 887; *Harper*, 185 F.R.D. at 362. In the instant case, Plaintiffs present no evidence of being similarly-situated to each other.

Plaintiffs must show more than "an across-the-board classification" of "Entertainers" to obtain conditional certification. *Moore v. PNC Bank, N.A.,* 2013 U.S. Dist. Lexis 74845, at \*17 (W.D. Pa. 2013); *Smith v. Heartland Automotive Svcs.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (noting that the classification of a group does not eliminate the need for the requisite factual analysis as to whether the employees are similarly situated).

Plaintiffs must submit "deposition testimony and/or declarations of other allegedly aggrieved employees to demonstrate that similarly situated individuals do exist." *Id.* (emphasis added). Numerous courts have held that, in FLSA misclassification cases such as this, it is not enough to allege lead and opt-in plaintiffs are similarly situated simply because they purportedly are misclassified. See *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 323 (E.D. N.Y. 2012).

Instead, the Court must analyze whether putative class members are similarly situated in terms of the factors of the applicable test, as the ultimate issue to be determined is whether each employee was properly classified. *Shipes*, at \*10; *Morisky*, 111 F.Supp.2d at 498.

Indeed, the record evidence in this case demonstrates that the named Plaintiffs and the purported class they seek to represent are not similarly situated.

Plaintiffs, for example, seek to represent a class of Entertainers who were allegedly not paid statutory wages. Plaintiffs, BUNN and DICORTE have signed Dancer Agreements, with a waiver of class action clause.

Furthermore, coverage under the FLSA in this case depends on an individual, fact-specific, case-by-case analysis to certify a collective action, and Plaintiffs must make some factual showing that facts and circumstances surrounding their performances at the Clubs were similar to all putative class members. *Morisky*, 111 F. Supp.2d at 498. Plaintiffs cannot, with any specificity or particularity, attest to whether other Entertainers were making statutory wages they alleged they were not paid, without knowledge of the purported Entertainer's identity.

### f. Brass Flamingo's Waiver of Class Action is Legitimate and Should Prevent any Certification of Class

Plaintiffs seek and anticipate the argument that their causes of action are barred from being certified as a class action due to the waiver of class action clause, located in the Dancer Agreements. The Plaintiffs attempt to have the underlying lawsuit certified is barred due to the waiver of class action clause located in the Dancer Agreement.

First we must look at the language, in the Agreement which contains waiver of class action language.  Unlike, the Plaintiffs' claims, it is clear that "covered claims" which are to subject to waiver of class action, specifically covers claims including Federal and State court issues as well as FLSA actions. It should also be noted that

in Plaintiff is attempting to suggest that Defendant's actions in referring this matter to arbitration and agreeing to bring it back to Federal court, waives our enforcement of the "waiver of class" clause.

This contention is not only unfounded but it is mistaken, as the Defendant reserved their right to enforce the "waiver of class action" clause, see (Doc. 15). Upon withdrawing the Motion to Compel Arbitration, the Defendant asserted that there was no waiver and the Dancer Agreement in no way precludes such an operation of the agreement. The Defendant initiated the Arbitration process as required in the agreement, however it was agreed by the parties in the interest of economic efficiency and justice to keep it consolidated with the named parties as filed. The Plaintiffs contradict this argument, as well by stating this action should have been referred to arbitration, as it was initially. (See Doc. 8).

Additionally, the Contract contains a severability clause keeping any waiver of class action alive even if other portions are found void or unenforceable.

The fact is that "waiver of class action" clause is a legal and valid contractual provision, which is not barred by the FLSA. Additionally, the Agreement provides that parties may settle their dispute at any time without the involvement of the arbitrator, which is the exact nature of the underlying lawsuit. Waiver of Class Action Clauses have been found fully enforceable in FLSA actions. See *Walthour v. Chipio Windshiel Repair, LLC*, 745 F. 3d 1326 (11th Cir. 2014). ("Thus, based on these Supreme Court decisions read together, we conclude that the text of FLSA § 16(b) does not set forth a non-waivable substantive right to a collective action. See

*Gilmer*, 500 U.S. at 32, 111 S.Ct. at 1655; see also *Italian Colors Rest.,* 133 S.Ct. at 2311 (interpreting Gilmer). Additionally, we agree with the Eighth Circuit's reasoning in *Owen v. Bristol Care, Inc.*, that "[e]ven assuming Congress intended to create some 'right' to class actions, if an employee must affirmatively opt in to any such class action, surely the employee has the power to waive participation in a class action as well." 702 F.3d 1050, 1052–53 (8th Cir.2013) (analyzing FLSA § 16(b)). Thus, Plaintiffs' Motion should be denied because they have failed to demonstrate that the Waiver of Class Action Clause is not applicable to the members of the proposed class who allegedly wish to join this action.

## II.   The Proposed Notice to Potential Opt-In Plaintiffs is Not Appropriate

Plaintiffs' proposed Notice is overbroad and misleading. While Defendants maintain that conditional certification is inappropriate in this action, should it be granted, Defendants object to the form and language of the proposed Notice and request that it be modified.

### a. Named Plaintiffs' Proposed Judicial Notice is Not Accurate or Informative

Should this Court determine that class notice is proper, the class of plaintiffs should only include Entertainers who performed services at Brass Flamingo during the past two years. See *Stanley*, Case No. 08-23489-civ-JORDAN/McALILEY (noting that the proposed class was overbroad where the plaintiffs offered no factual support for allegations that the defendant violated the FLSA at locations

16

other than where the plaintiffs worked); *Harper*, 185 F.R.D. at 362 (stating that "while Plaintiffs have presented evidence that FLSA violations may exist with regard to certain hourly wage employees at Defendant's Dothan restaurant, there is a total dearth of factual support for Plaintiffs' allegations of widespread wrongdoing at Defendant's other restaurants."); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) (holding that plaintiff was not entitled to conditional certification where the putative class members were employed by different subsidiaries and affiliates of the defendant, held different job titles, had different pay structures, and worked at nine different job sites).

Plaintiffs' notice also is deficient in that it does not allow possible plaintiffs to make an informed judgment about the case they are being invited to join. As the Supreme Court stated in *Hoffman-LaRoche, Inc.,* 493 U.S. at 170, the benefits of a § 216(b) collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

Additionally, as the district court in *Sperling* stated, a notice in a § 216(b) action requires "full and effective disclosure of all the relevant facts . . . sufficient to enable the [consenting party] to make an informed decision . . ." *Sperling v. Hoffman-LaRoche, Inc.,* 118 F.R.D. 392, 408 (D. N.J. 1988) (quoting IBM v. Levin, 579 F.2d 271, 282 (3d Cir. 1978)). Thus, any notice must not only inform potential plaintiffs of their possible recovery, but must also inform them of all liabilities which the litigation might impose on them. Plaintiffs' proposed Consent fails in

17

this regard. The proposed Consent contains no mention whatsoever of any liabilities which current and future plaintiffs may be forced to bear; rather, it simply states that the potential plaintiff agrees "for alleged unpaid wages and reimbursement of unlawful deduction from tips." See (Doc 25-6).

The proposed Consent omits any mention of the fact that if Plaintiffs do not prevail in this action, all those who opt in must pay a proportional share of the cost of prosecuting this action. Plaintiffs' proposed Consent also neglects to mention the possibility that, if the Defendant prevails, the opt-ins may have to bear Defendants' costs. Not mentioning the potential costs and liabilities does a tremendous disservice to potential opt-ins, who are entitled to be fully informed of the risks as well as Plaintiffs' counsels' hope for rewards. See *White v. KCPAR, Inc.,* 2006 WL1722348 (M.D. Fla. 2006) (finding plaintiffs' proposed notification letter defective because it failed to inform recipients about the consequences of opting in); see also Sperling, 493 U.S. at 170; *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101 (S.D. N.Y. 2003); *Reyes v. Carnival Corp.*, Case. 04-21861-CIV-GOLD/TURNOFF, Dkt. No. 61 (S.D. Fla. Aug. 15, 2005).

### b. An Updated Production of a List of Putative Plaintiffs is not Necessary to Facilitate Notice

The Plaintiffs claim they are aware of other Entertainers. Plaintiffs consist of three Entertainers, if they do have any specific knowledge of any other Entertainers, it would substantiate that there are not a bevy of other Entertainers looking to join this action. That said, the list, as mentioned above, would be derived

from only with an agreement containing a waiver of class action!

### c. Notice Should not be sent Via Emial, and/or Text

This Court should balance the interests of the potential class members' privacy versus the lawful objective of providing notice. Plaintiffs request for email addresses in order to send reminder notices would inappropriately disclose private information of Defendants' former employees. Courts have stated that notice by mail is sufficient, without an evidentiary showing that a more intrusive method of notice is warranted. See *Howard v. Securitas Sec. Servs.*, Case No. 08 C 2746, 2009 U.S. Dist. LEXIS 3913, at *32 (N.D. Ill. 2009). Indeed, the disclosure of a person's email address is far more intrusive than providing his or her mailing address for distribution of notice, a time-tested and successful method of communication. If Plaintiffs can show that a notice is returned by the U.S. Postal Service as undeliverable, then and only then should an individual's email address be provided, to the extent Defendants possess it. Thus, Defendants should not be required to provide electronic mail addresses, or text messages to the extent any exist.

### Conclusion

Based on the foregoing, this Court should Deny the Motion to Certify Class and any other relief this Court deems appropriate.

Dated this 24th day of March, 2021.

Respectfully Submitted,

/s/Luke Lirot
Luke Lirot, Esq.
Florida Bar Number 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Attorney for Defendants*
luke2@lirotlaw.com(primarye-mail)
sean@lirotlaw.com(secondary e-mail)
krista@lirotlaw.com(secondary e-mail)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2021, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to all parties in this case.

/s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836

20