UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JASENIA VALENTIN,
MICHELLE DICORTE and
SHARESSE BUNN,

     PLAINTIFFS,
v.                           Case No.: 8:21-cv-190-VMC-TGW

GOODFELLOWS OF PASCO COUNTY,

     DEFENDANT.
_____/

## ORDER

This matter is before the Court on consideration of Plaintiffs Jasenia Valentin, Michelle Dicorte, and Sharesse Bunn's "Motion to Conditionally Certify this Matter as a Collective Action and for a Court-Authorized Notice to be Issued Under Section 216(b) of the Fair Labor Standards Act" (Doc. # 25), filed on March 10, 2021. Defendant Goodfellows of Pasco County, Inc. responded on March 24, 2021. (Doc. # 27). For the following reasons, the Motion is denied without prejudice.

## I.   Background

Plaintiffs initiated this action on January 26, 2021. (Doc. # 1). According to the complaint, Plaintiffs previously

worked as exotic dancers at the Brass Flamingo, a gentlemen's club owned by Goodfellows. (Doc. # 1 at ¶¶ 24-26).

Plaintiffs allege that during the time they danced at Brass Flamingo, Goodfellows violated the Fair Labor Standards Act (FLSA) by misclassifying them as independent contractors. (Id. at ¶¶ 33, 64-65). According to Plaintiffs, they should have been classified as employees covered by the FLSA's minimum wage provisions. (Id. at ¶ 33).

Plaintiffs assert that other dancers at the Brass Flamingo have been similarly misclassified. (Id. at ¶¶ 33, 64-65). As a result, the complaint alleges that Goodfellows has wrongly withheld minimum wage compensation from the three Plaintiffs and all other dancers similarly situated. (Id.).

Goodfellows filed an answer and several affirmative defenses as to Valentin on February 22, 2021. (Doc. # 7). That same day, Goodfellows moved to compel arbitration as to Bunn and Dicorte, claiming they signed binding arbitration agreements. (Doc. # 8).

Subsequently, Goodfellows withdrew its motion to compel arbitration (Doc. # 15), prompting the Court to deny it as moot. (Doc. # 16). Goodfellows filed a second amended answer as to all Plaintiffs on March 8, 2021. (Doc. # 23).

Now, Plaintiffs move to conditionally certify this matter as a collective action. (Doc. # 25). According to Plaintiffs, the similarly situated employees are all "individuals who at any time during the relevant time period worked for [Goodfellows] as an exotic dancer and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA." (Doc. # 1 at ¶ 64). Goodfellows has responded (Doc. # 27) and the Motion is ripe for review.

## II.  **Legal Standard**

The FLSA expressly permits collective actions against employers accused of violating the FLSA's mandatory overtime provisions. See 29 U.S.C. § 216(b) ("An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). In prospective collective actions brought pursuant to Section 216(b), potential plaintiffs must affirmatively opt into the collective action. See Id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Pursuant to Section 216(b), certification of collective actions in FLSA cases is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged" activity. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

In making collective action certification determinations under the FLSA, courts typically follow a two-tiered approach:

> The first determination is made at the so-called notice stage. At the notice stage, the district court makes a decision - usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for decertification by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (internal citations and quotation marks omitted).

4

At the notice stage, the Court should initially determine whether there are other employees who desire to opt into the action and whether the employees who desire to opt in are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008); Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991). This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. The plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees and must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Morgan, 551 F.3d at 1261 (internal citations omitted).

## III. **Analysis**

At this stage of the proceedings, the Eleventh Circuit requires the Court to "satisfy itself that there are other employees . . . who desire to 'opt-in [to the action].'" Dybach, 942 F.2d at 1567-68. "The onus is on the plaintiff to demonstrate a reasonable basis for the assertion that other employees desire to opt-in." Leo v. Sarasota Cnty. Sch. Bd., No. 8:16-cv-3190-JSM-TGW, 2017 WL 477721, at *2 (M.D. Fla. Feb. 6, 2017) (citing Haynes v. Singer Co., Inc., 696 F. 2d 884, 887 (11th Cir. 1983)).

Plaintiffs argue they have met this burden by "making a modest factual showing that [Goodfellows] uses a systemic company-wide policy, pattern, or practice of misclassifying exotic dancers as independent contractors and failing to pay exotic dancers any compensation for work duties performed." (Doc # 25 at 3). Specifically, each Plaintiff has provided a sworn declaration stating that more than fifty other exotic dancers worked at Goodfellows during their period of employment. (Id. at 6; Doc. # 25-1 at ¶ 16; Doc. # 25-2 at ¶ 16; Doc. # 25-3 at ¶ 16).

Each declaration (they are virtually identical) also avers that Goodfellows classified all dancers as independent contractors, required all dancers to perform the same job duties, and paid all dancers under the same independent contractor scheme as Plaintiffs. (Doc. # 25-1 at ¶¶ 4-8; Doc. # 25-2 at ¶¶ 4-8; Doc. # 25-3 at ¶¶ 4-8). This evidence, according to Plaintiffs, "crystallizes the conclusion that Plaintiffs performed the same or similar job duties and worked under the same pay provisions (or rather without any pay) as other exotic dancers at the Brass Flamingo Gentlemen's Club who have not yet been notified about the case," therefore notice is appropriate. (Doc. # 25 at 13).

6

Goodfellows makes several arguments in response, but at this stage the Court need only address one: that these declarations are insufficient to warrant notice because they do not show that there are other individuals who desire to join this lawsuit, as required by Dybach. (Doc. # 27 at 10).

The Court agrees that at this time, Plaintiffs fail to show "there are other employees . . . who desire to 'opt-in.'" Dybach, 942 F.2d at 1567-68. No other plaintiff has opted in since this case was filed on January 26, 2021. (Doc. # 1). Nor do Plaintiffs provide any affidavits from other dancers indicating there is interest in the suit.

The only evidence Plaintiffs produce in support of their Motion is their own declarations. (Doc. ## 25-1; 25-2; 25-3). But even these do not identify specific individuals who wish to join the action, or allege that other dancers have expressed interest in the suit. All three declarations merely state that around fifty other dancers worked at Goodfellows, Goodfellows classified each dancer as an independent contractor, and Goodfellows paid each dancer in the same manner as Plaintiffs. (Doc. # 25-1 at ¶ 16; Doc. # 25-2 at ¶ 16; Doc. # 25-3 at ¶ 16).

From these facts, Plaintiffs would have the Court infer that there are other exotic dancers who desire to opt-in to

7

this action. (Doc. # 25 at 12). But in the Eleventh Circuit, Plaintiffs bear "the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they proposed." Barrera v. Oficina, Inc., No. 10-21382-CIV, 2010 WL 4384212, at *3 (S.D. Fla. Oct. 28, 2010) (internal citations and quotation marks omitted).

Therefore, Plaintiffs' "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice." See Id. (denying conditional certification where the only evidence of interested parties was an affidavit from each of the four named plaintiffs evincing the existence of similarly-situated employees); see also Williams v. GGC-Baltimore, LLC, No. 1:19-CV-00274-JMC, 2019 WL 2058903 (D. Md. May 8, 2019) (denying a motion for conditional certification where the only evidence of similarly situated employees was four affidavits, provided by the four named plaintiffs, that stated there were "other unnamed employees" who worked in excess of 40 hours per week and "may wish to become parties to the instant action").

In other words, mere "belief in the existence of other employees who may desire to opt-in" does not justify conditional certification. See Palacios v. Boehringer

8

Ingelheim Pharm., Inc., No. 10-22398-CIV-UU, 2011 WL 6794438,
at *4 (S.D. Fla. Apr. 19, 2011) (internal citation omitted);
see also Wombles v. Title Max of Ala., Inc., No. 303 CV
1158(CWO), 2005 WL 3312670, at *3 (M.D. Ala. Dec.7, 2005)
(finding that five affidavits from plaintiffs indicating they
"believe[d]" others desired to join the lawsuit, plus two
consents to join, were insufficient to establish that others
desired to opt in). Accordingly, "[t]he bare assertion that
[50] other exotic dancers subject to similar policies exist,
does not provide a reasonable basis for the Court to conclude
that those dancers desire to opt-in to the instant
litigation." Wallace v. Club Climaxxx Inc., No. 1:17-CV-
22585-UU, 2018 WL 2688798, at *4 (S.D. Fla. May 11, 2018).

Nor does the fact that three dancers brought this action
show that there are others who wish to join. See Echevarria
v. Las Vegas Beach, Inc., No. 10-20200-CIV, 2010 WL 2179747,
at *1 (S.D. Fla. June 1, 2010) (denying conditional
certification because the fact that numerous employees were
already part of the action did not show there were other
employees who desired to opt in). Indeed, "the opposite
inference — that all those interested in joining this lawsuit
have already done so — is also plausible." Barrera, 2010 WL

9

4384212, at *3. The Court therefore agrees with Goodfellows that notice is inappropriate at this juncture.

The Court is mindful of Plaintiffs' argument that "[e]ven a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to] bring the Plaintiff's contentions above pure speculation." (Doc. # 25 at 10) (citing Robbins-Pagel v. Puckett, No. 6:05-cv-GAP-DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006)). Indeed, "there is no magic number requirement for the notice stage," and courts will conditionally certify FLSA collectives even with relatively few plaintiffs present. Ciani v. Talk of the Town Rests., Inc., No. 8:14-cv-2197-VMC-AEP, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015).

But while Plaintiffs' burden is low at this stage, "it is not invisible." Brooks v. A Rainaldi Plumbing, Inc., No. 6:06-cv-631-GAP-DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006). Plaintiffs provide no affidavits or consents showing that **other** individuals, who are not already party to this suit, are interested in opting-in. "Where plaintiffs fail to produce evidence demonstrating that any prospective class member would opt into the litigation, courts have routinely declined to certify a collective action and

10

authorize notice." See Barrera, 2010 WL 4384212, at *3 (listing cases); see also Davis v. Charoen Pokphand (USA), Inc., 303 F.Supp.2d 1272, 1277 (M.D. Fla. 2004) ("[P]laintiffs have filed no affidavits or consents from these would-be class members to suggest that they are actually willing to join the suit . . . Thus, the court concludes that plaintiffs have not carried their burden of demonstrating that other plaintiffs exist who desire to opt-in.").

Absent a showing there are similarly situated employees who would opt in given the chance, there is no evidentiary basis to permit this matter to go forward as a collective action. Therefore, at this stage, the Court finds it appropriate to deny the Motion without prejudice.

However, the Court notes that the scheduling order entered on February 25, 2021, significantly limited discovery for both parties. (Doc. # 14 at 3). Should the mediation scheduled for April 23, 2021, (Doc. # 20), result in an impasse, the Court will enter a case management and scheduling order lifting these restrictions on discovery and setting a conditional certification deadline. Plaintiffs may refile their request should discovery produce evidence that others are interested in opting-in to this action.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (Doc. # 25) is **DENIED** without prejudice. Should mediation result in an impasse, the Court will enter a case management and scheduling order providing the parties with an opportunity to conduct discovery. Plaintiffs may renew their request should discovery reveal other dancers interested in joining this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE