IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| JASENIA VALENTIN, ET AL. | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 8:21-cv-00190-VMC-TGW |
| | ) | |
| GOODFELLOWS OF PASCO COUNTY, INC. | ) | |
| D/B/A BRASS FLAMINGO | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

---

**MOTION FOR JUDICIAL APPROVAL OF**
**SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE**

Jasenia Valentin, Michelle Dicorte, and Sharesse Bunn (together, "Plaintiffs") and

Defendant Goodfellows of Pasco County, Inc. d/b/a Brass Flamingo ("Defendant"), (collectively

the "Parties"), by and through their undersigned counsel, respectfully request that the Court

approve the attached Settlement Agreement and Release, Exhibit "1," resolving Plaintiffs' Count

in the above captioned action seeking unpaid minimum wage compensation against Defendant

under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

For the reasons stated below, the Parties respectfully request that the Court find that the

Agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and

dismiss with prejudice Plaintiffs' FLSA minimum wage claims alleged in this action against

Defendant, with prejudice.

I.      **BACKGROUND**

1.      On January 26, 2021, Plaintiffs filed the above captioned against Defendant, seeking, unpaid minimum wage compensation, statutory liquidated damages, and attorney's fees and costs under the FLSA.

2.      In the same Complaint, Plaintiffs also seek relief against Defendant for unlawful pay practices in violation of the Florida Minimum Wage Act, Title XXI, Chapter 448.110 and Florida Constitution Article X Section 24 ("FMWA") and for unlawful termination/retaliation in violation of the anti-retaliation protections set forth under 29 U.S.C. § 215(a)(3) of the FLSA.

3.      The substance of Plaintiffs' FLSA minimum wage Complaint is that Defendant misclassified Plaintiffs as independent contractors and, in doing so, failed to pay Plaintiffs minimum wage compensation at an hourly rate at least equal to the Federal Minimum Wage.  This Count seeks recovery of unpaid wages for a 2-year FLSA recovery period, extended to 3-years in the event of a finding of willfulness.  The Count also seeks statutory liquidated damages and attorney's fees and costs.

4.      The substance of Plaintiffs' FMWA Count is that Defendant misclassified Plaintiffs as independent contractors and, in doing so, failed to pay Plaintiffs minimum wage compensation at an hourly rate at least equal to the Florida Minimum Wage.  This Count seeks recovery of unpaid wages for a 4-year FMWA recovery period, extended to 5-years in the event of a finding of willfulness.  The Count also seeks statutory liquidated damages and attorney's fees and costs.

5.      The substance of Plaintiffs' FLSA retaliation Count is that after Plaintiffs notified Defendant of their allegations that Plaintiffs believed Defendant violated the FLSA by misclassifying Plaintiffs as independent contractors and failing to pay Federal Minimum Wage compensation, Defendant terminated Plaintiffs' employment and then took affirmative steps to ensure that Plaintiffs did not and could not work as exotic dancers at other local gentlemen's clubs.  This Count seeks lost back and front pay, compensatory damages, and attorney's fees and costs.

6.      Defendant filed an Answer and subsequent Amended Answers to Plaintiffs' Complaint in which Defendant asserts (i) Plaintiffs were properly classified as independent contractors and are not entitled to relief under the FLSA or Florida state law or, in the alternative, (ii) Plaintiffs received monies from dancing at Defendant's gentlemen's club exceeding Defendant's Federal and Florida minimum wage obligations; and (iii) Plaintiffs' allegations relating to termination and retaliation are false and without legal or factual merit.

7.      On February 25, 2021, the Court entered its Scheduling Order.  [Dkt. 14].  In its Order, the Court directed the Parties to produce and exchange critical Court-identified discovery material.  *Id*.

8.      In accordance with the Court's Order, Defendant produced records identifying each instance Plaintiffs worked and/or performed inside Defendant's Brass Flamingo Gentlemen's Club.  Based on this production, if Plaintiffs were to be adjudged FLSA employees, Plaintiffs would be owed FLSA minimum wage compensation ($7.25 per hour for each hour worked) for the 2-year non-willful

FLSA recovery period in the following amounts:  Plaintiff Valentin - $7,674.37; Plaintiff Bunn - $9,578.01; and Plaintiff Dicorte - $325.26.

9.    As Ordered by the Court, on April 26, 2021, the Parties participated in a mediation before Court-appointed mediator, Mark A. Hanley, Esq.

10.   Following several hours of good faith arms-length negotiation, and invaluable assistance by Mr. Hanley, the Parties mutually agreed to a full and final resolution of all of Plaintiffs' claims against Defendant.

11.   The first part of Plaintiffs' settlement with Defendant relates only to Plaintiffs' claims against Defendant for FLSA minimum wage compensation.   This agreement, reduced to writing and signed by the Parties, is attached hereto as Exhibit 1.  Notably this agreement provides payment to each Plaintiff in the amount of two times (2x) the alleged unpaid FLSA minimum wage compensation each Plaintiff could be owed based on Defendant's records for the 2-year FLSA recovery period, plus payment of a separately negotiated and agreed upon amount for payment of Plaintiffs' attorney's fees and costs.  This agreement results in payments by Defendant to Plaintiffs and their counsel in the following amounts: Plaintiff Valentin - $15,348.74; Plaintiff Bunn - $19,156.02; Plaintiff Dicorte - $650.52; and payment of Plaintiffs' attorney's fees and costs in the amount of $13,000.00.

12.   The second part of Plaintiffs' settlement with Defendant fully and finally resolves Plaintiffs' Counts seeking relief against Defendant under the FMWA and for FLSA Retaliation.  The second agreement also provides additional non-monetary covenants including a mutual full release of claims, confidentiality, and non-

disparagement.   Insofar as the second agreement (which does not resolve Plaintiffs' FLSA minimum wage claims) does not require Court approval and is subject to confidentiality, the Parties will supply the Court with a copy of this agreement for *in camera* review.

## II. STANDARD OF REVIEW

1.      Pursuant to the case law of this Circuit, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.

2.      Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

3.      In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)      the existence of fraud or collusion behind the settlement;

(2)      the complexity, expense, and likely duration of the litigation;

(3)      the stage of the proceedings and the amount of discovery completed;

(4)      the probability of plaintiff's success on the merits;

(5)      the range of possible recovery; and

(6)      the opinions of the counsel.

See *Leverso v. South Trust Bank of Ala., Nat. Assoc*., 18 F.3d 1527, 1531

n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc*., 2007 U.S. Dist. LEXIS

10287 at *2-3 (M.D. Fla. 2007).

4.      The Court should be mindful of the strong presumption in favor of finding a

settlement fair. *Id.* at * 2-3.

## III. FACTUAL AND LEGAL ANALYSIS

1.      In this action, Plaintiffs allege that, while employed, Defendant paid

Plaintiffs no wages at all for hours worked.

2.      Because Defendant paid Plaintiffs no wages for hours worked, Plaintiffs allege

each are owed unpaid minimum wage compensation and statutory damages under

the FLSA.  *See Harrell v. Diamond A Entm't, Inc*., 992 F. Supp. 1343, 1353

(M.D. Fla. 1997); *Shaw v. Set Enters*., 241 F. Supp. 3d 1318 (D.S.F. 2017).

3.      Plaintiffs admit that each agreed with Defendant to the classification of

independent contractor.  But Plaintiffs assert that such an agreement and/or

Plaintiffs' subjective intent to be an independent contractor is not relevant or

dispositive to Plaintiffs actual classification as contractor or employee.  *See*

*Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947); *Secretary of*

*Labor, United States Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1544-1545 (7th

Cir. 1987) (The FLSA is designed to defeat rather than implement contractual

arrangements).

4.     Plaintiffs allege that notwithstanding any agreement that may have been signed

between the Parties, status as employee or contractor is determined by an analysis

of certain defined economic reality factors.  The factors regularly and customarily

analyzed are the following: (1) the degree of control that the putative employer

has over the manner in which the work is performed; (2) the worker'

opportunities for profit or loss dependent on her managerial skill; (3) the worker's

investment in equipment or material, or her employment of other workers; (4) the

degree of skill required for the work; (5) the permanence of the working

relationship; and (6) the degree to which the services rendered are an integral part

of the putative employer's business. *See Harrell*, 992 F. Supp. at 1350-53.

5.     Plaintiffs allege their ongoing extended at-will relationship with Defendant, the

substantial case law within the 11th Circuit and across jurisdictions affirming and

re-affirming exotic dancers as employees under the FLSA, and consideration of

all other economic factors confirms Plaintiffs and Defendant's employee /

employer relationship.

6.     Defendant, however, distinguishes this matter from other cases where exotic

dancers sued for unpaid wages.  Defendant argues that Plaintiffs in this case were

wholly free to operate independently of the club and were subject to no control or

demands indicative of an employee/employer relationship.  To this end,

Defendant denies (i) it misclassified Plaintiffs as independent contractors; (ii) that

an analysis of the true economic realities of Plaintiffs' work relationship with

Defendant had any indicia of an employee/employer relationship; and (iii) that even if Plaintiffs are adjudged to have been "employees" at any time during their relationship with Defendant, the money Plaintiffs received in exchange from performing exotic dances at Defendant's gentlemen's club substantially exceeded the amount Plaintiffs would have received had Defendant paid Plaintiffs direct wages at the Federal Minimum Wage rate.

7.      In consideration of the Parties' stark differences in factual and legal positions, the risks, delays, and costs on both sides associated continued litigation, and Defendant's current and potential future financial position to satisfy a larger settlement or judgment, the Parties agreed to a full and final settlement in the amount and apportioned as set forth above.

8.      There has not been fraud or collusion with respect to the parties' settlement. Courts have found no fraud or collusion where all parties to the settlement were represented by counsel and the amount to be paid to the plaintiff(s) seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006).

9.      In this matter, each party was independently represented by counsel with experience in litigating claims under the FLSA. Counsel for both parties were obligated to and did vigorously represent their clients' rights. Further, the settlement was facilitated with the assistance of a third-party mediator appointed by the Court and the parties' counsel represents to the Court that there was no fraud or collusion on their part.

10.     Further, in this case, the probability of success on the merits, as well as the complexity, expense, and length of future litigation, also support approving the parties' settlement. Plaintiffs and Defendant continue to disagree over the merits of the claims asserted by Plaintiffs.  If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

11.     As part of the settlement negotiations, the Parties voluntarily exchanged documents and/or positions relating to Plaintiffs' claims and Defendant's defenses to Plaintiffs' claims.  To this end, there has been enough investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter.

12.     The FLSA settlement results in each Plaintiff receiving two times (2x) the unpaid FLSA minimum wage compensation that Plaintiffs would be owed based on Defendant's business records reflecting Plaintiff's shifts and hours working as exotic dancers at Defendant's Brass Flamingo Gentlemen's Club within the 2-year FLSA non-willful recovery period.  Such a settlement recovery, given the uncertainties of the case, represents nearly full FLSA recovery and an objectively fair and reasonable settlement of Plaintiffs' FLSA claims.

14.     In an arm's length negotiation separate and apart from the settlement of Plaintiffs' FLSA claims, Plaintiffs' counsel agreed with Defendant to accept payment from Defendant of attorney's fees and costs in the total gross amount of $13,000.00 as full and final resolution of Plaintiffs' claims for recovery of

attorney's fees and costs associated with the prosecution of Plaintiffs' FLSA minimum wage claims.

15. So the Court may ensure that $13,000.00 is a fair and reasonable attorney's fees and costs recovery, Plaintiffs' counsel has attached: (i) a sworn declaration from Plaintiffs' counsel David Sacks, Esq., Exhibit "2"; a sworn declaration from Plaintiffs' counsel Gregg Greenberg, Esq., Exhibit "3"; and (iii) contemporaneous billing records, Exhibit "4" reflecting Plaintiffs' counsel's billed time and costs in prosecuting Plaintiffs' claims against Defendant.

## IV. CONCLUSION

The Parties, through counsel, have worked cooperatively to resolve this FLSA matter in a manner that adequately considers the strengths of Plaintiffs' claims, the merits of Defendant's defenses, and the risk and uncertainty of litigation. Accordingly, the Parties respectfully ask this Court to grant this Joint Motion for Approval of the Settlement and enter an Order dismissing this matter, with prejudice.

Date: May 7, 2021                Respectfully submitted,

  /s/ David B. Sacks
David B. Sacks, FL Bar No. 964409
Law Office of David B. Sacks
4494 Southside Boulevard, Suite 101
Jacksonville, Florida 32216
Phone: 904-634-1122
Email: David@LawOfficeJacksonville.com

Gregg C. Greenberg, *Admitted Pro Hac Vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs/Counter Defendants*

And

/s/ Luke Lirot
Luke Lirot, Esq.
Fla. Bar No.: 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Ste 190
Clearwater, FL  33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Attorney for Defendant/Counter-Plaintiff*
Luke2@lirotlaw.com (primary email)
krista@lirotlaw.com (secondary email);
sean@lirotlaw.com (secondary email)

11