Exhibit "1"

# SETTLEMENT AGREEMENT AND RELEASE

This Agreement dated this 6th day of May 2021, is by and between JASENIA VALENTIN, MICHELLE DICORTE, and SHARESSE BUNN (hereafter "Plaintiffs"), on the one hand and GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO GENTLEMEN'S CLUB at 9034 US Highway 19, Port Richey, Florida 34668 ("Brass Flamingo" or "Defendant") on the other hand (all collectively the "Parties").

WHEREAS, Plaintiffs have filed a lawsuit in the United States District Court for the Middle District of Florida (Tampa Division) against Brass Flamingo for alleged unlawful pay practices in violation of 29 U.S.C. § 201, et seq., the Federal Fair Labor Standards Act ("FLSA") – *Valentin, et al. v. Goodfellows of Pasco County, Inc.*; Case No.: 8:21-cv-00190-VMC-TGW (the "Action");

WHEREAS, the Action also includes allegations by Plaintiffs and against Defendant for unlawful pay practices in violation of the Florida Minimum Wage Act, Title XXI, Chapter 448.110 and Florida Constitution Article X Section 24 ("FMWA") and for unlawful termination/retaliation but the resolution of those FLSA. Those claims, however, are governed and resolved by a separate settlement document.

WHEREAS, Defendant denies any and all liability to Plaintiff; and

WHEREAS, all Parties are asserting their respective contentions in good faith, and all Parties realize the uncertainty and the time-consuming nature of litigation and desire to avoid spending additional time incurring additional expense in litigation; and

WHEREAS all Parties desire to enter into a compromise agreement that will terminate all disputes between them arising out of Plaintiffs' claim that during Plaintiffs' relationship with Defendant at Defendant's Brass Flamingo Gentlemen's Club, Defendant failed to pay Plaintiffs minimum wage compensation in compliance with the FLSA.

WHEREAS, the Parties have undertaken a good faith effort to apportion funds according to the relative strengths and weaknesses of Plaintiffs' claims.

NOW, THEREFORE, Plaintiffs and Defendant hereby enter into this Settlement Agreement and Release (the "Agreement") and voluntarily agree to the following terms and conditions in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1. **Release.** In consideration of the terms and covenants set forth in this Agreement, including but not limited to the payments described herein, Plaintiffs do fully release and discharge Defendant and its respective affiliates, related entities, trusts, successors, assigns, and current and former owners, directors, officers, agents, employees, attorneys, landlords and accountants and Defendant hereby fully releases Plaintiff (collectively, "**Releasees**"), from all liability for unpaid wages, statutory liquidated damages, and/or attorney's fees and costs arising out of claims by Plaintiffs and against Releasees for unpaid minimum wage compensation under the FLSA.

2. **Claims For Attorneys' Fees.** The Release set forth in Paragraph 1 specifically includes, but is not limited to, all claims for attorneys' fees and costs asserted against the Releasees arising out of Plaintiffs' FLSA minimum wage payment claims.

3. **Payments and Other Consideration.**

Defendant shall make payment as specified below and in the Total Sum of FORTY-EIGHT THOUSAND ONE HUNDRED FIFTY-FIVE DOLLARS AND TWENTY-EIGHT CENTS ($48,155.28) (the "Settlement Amount") to Plaintiff in full accord and satisfaction of Plaintiffs' FLSA wage payment claims.

The Settlement Amount shall represent payment to Plaintiffs' and their counsel in the following amounts:

| | | |
|---|---|---|
| i. | Jasenia Valentin: | $15,348.74; |
| ii. | Michelle Dicorte: | $650.52; |
| iii. | Sharesse Bunn: | $19,156.02; and |
| iv. | Attorney's Fees & Costs: | $13,000.00. |

By or before Monday, June 21, 2021, Defendant shall send and deliver the Full Settlement Amount in a single check payable to Plaintiffs' counsel Zipin, Amster & Greenberg, LLC, and to the law offices of Plaintiffs' counsel:

Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue Suite 400
Silver Spring, Maryland 20910

Each Party shall bear its own court and arbitration costs or other costs incurred in connection with the Action, except as otherwise expressly provided herein.

4. **Agreement Subject to Judicial Approval**

The Parties agree and understand that if the Court does not approve this Agreement, the Agreement is void and unenforceable. The Parties will cooperate in good faith to present the Court with necessary facts and arguments to effectuate Judicial Approval of this Agreement. As a corollary, the Parties agree and understand that payment of the Settlement Amount shall not be due and owing to Plaintiffs until the Settlement Payment due date or three (3) business days following Judicial Approval of this Agreement, whichever is later.

5. **Non-Admission.**

Plaintiffs acknowledge and agree that neither the execution of this Agreement nor any of the terms contained in this Agreement, including, but not limited to, the payments and other consideration set forth herein, shall be construed or interpreted as an admission by Defendant of liability or wrongdoing. Defendant expressly denies any liability and states that it has entered into

this Agreement solely for the purpose of compromising, according, and satisfying any and all claims, without the cost and burden of further negotiations, mediation, or possible litigation.

6. **Entire Agreement.**

Other than the FMWA and for FLSA termination/retaliation which have been resolved by a separate agreement, this Agreement represents the entire agreement of the Parties as to all matters relating to the subject matter hereof, and supersedes, merges and replaces all prior or contemporaneous negotiations, offers, promises, representations and agreements in regard thereto.

7. **Counterparts, Copies and Facsimiles.**

This Agreement may be signed in counterparts which, when taken together, shall constitute one agreement. Copies, facsimiles, and scanned and/or electronic signatures shall have the same force and effect as original signatures. No payment required hereunder shall become due and payable until the Agreement is fully executed.

8. **Governing Law.**

This Agreement shall be governed by the laws of the State of Florida, without regard to conflict of laws principles.

9. **Validity.**

If this Agreement is Judicially Approved but any provision of this Agreement is held to be invalid, void or unenforceable, in whole or in part, the remaining provisions of this Agreement shall not be affected thereby and shall continue in full force and effect.

10. **No Presumption.**

All Parties acknowledge that they have had a full opportunity to review drafts of this Agreement and to make changes thereto, and in the event that an ambiguity or question of intent or interpretation arises as to this Agreement, no presumption or burden of proof shall apply favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

11. **Modification.**

The terms of this Agreement cannot be modified except by a writing signed by all Parties, or by all Parties in any way affected by the modification, and shall be binding upon and inure to the benefit of the Parties, their respective heirs, personal representatives, assigns, officers, directors, members, shareholders, attorneys and representatives.

12. **Acknowledgment.**

The Parties to this Agreement agree and acknowledge that: (a) any waiver of rights under this Agreement is **KNOWING AND VOLUNTARY**; (b) each Party has been advised to consult with, and has consulted with, an attorney before executing this Agreement; (c) each Party has had time to read and consider this Agreement before executing it; (d) each Party has carefully read this Agreement; (e) each Party executing this Agreement has the capacity to understand this Agreement; and (f) each Party knows and understands the terms of this Agreement. Each Party further represents that she, he, or it has executed this Agreement **KNOWINGLY AND VOLUNTARILY** and on advice of counsel and that this Agreement was freely negotiated and executed without fraud, duress, or coercion, and with full knowledge of its significance, effects, and consequences.

**WHEREFORE**, the Parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

### SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE

Dated:_____          _____
                                JASENIA VALENTIN


Dated:_____          _____
                                MICHELLE DICORTE


Dated: May 6, 2021              _____
                                sharesse bunn (May 6, 2021 16:01 EDT)
                                SHARESSE BUNN


Dated:_____          _____
                                GOODFELLOWS OF PASCO COUNTY, INC.

Page **4** of **4**

The Parties to this Agreement agree and acknowledge that: (a) any waiver of rights under this Agreement is **KNOWING AND VOLUNTARY**; (b) each Party has been advised to consult with, and has consulted with, an attorney before executing this Agreement; (c) each Party has had time to read and consider this Agreement before executing it; (d) each Party has carefully read this Agreement; (e) each Party executing this Agreement has the capacity to understand this Agreement; and (f) each Party knows and understands the terms of this Agreement. Each Party further represents that she, he, or it has executed this Agreement **KNOWINGLY AND VOLUNTARILY** and on advice of counsel and that this Agreement was freely negotiated and executed without fraud, duress, or coercion, and with full knowledge of its significance, effects, and consequences.

**WHEREFORE**, the Parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE

Dated:_____        _____
                                   JASENIA VALENTIN


Dated: May 6, 2021                 _Michelle_____
                                   Michelle Dicorte (May 6, 2021 14:55 EDT)
                                   MICHELLE DICORTE


Dated:_____        _____
                                   SHARESSE BUNN


Dated:_____        _____
                                   GOODFELLOWS OF PASCO COUNTY, INC.

Page **4** of **4**

The Parties to this Agreement agree and acknowledge that: (a) any waiver of rights under this Agreement is **KNOWING AND VOLUNTARY**; (b) each Party has been advised to consult with, and has consulted with, an attorney before executing this Agreement; (c) each Party has had time to read and consider this Agreement before executing it; (d) each Party has carefully read this Agreement; (e) each Party executing this Agreement has the capacity to understand this Agreement; and (f) each Party knows and understands the terms of this Agreement. Each Party further represents that she, he, or it has executed this Agreement **KNOWINGLY AND VOLUNTARILY** and on advice of counsel and that this Agreement was freely negotiated and executed without fraud, duress, or coercion, and with full knowledge of its significance, effects, and consequences.

**WHEREFORE**, the Parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE

Dated: May 6, 2021

*Jasenia Valentin (May 6, 2021 14:37 EDT)*
JASENIA VALENTIN

Dated: _____

_____
MICHELLE DICORTE

Dated: _____

_____
SHARESSE BUNN

Dated: _____

_____
GOODFELLOWS OF PASCO COUNTY, INC.

Page 4 of 4