UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASENIA VALENTIN,
MICHELLE DICORTE and
SHARESSE BUNN,

    PLAINTIFFS,
v.                                  Case No.: 8:21-cv-190-VMC-TGW

GOODFELLOWS OF PASCO COUNTY,

    DEFENDANT.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Judicial Approval of Settlement and Dismissal of Action with Prejudice (Doc. # 35), filed on May 7, 2021. For the reasons that follow, the Motion is granted.

**I.**   **Background**

Plaintiffs Jasenia Valentin, Michelle Dicorte, and Sharesse Bunn are former exotic dancers at the Brass Flamingo, a gentlemen's club owned by Defendant Goodfellows of Pasco County, Inc. (Doc. # 1). According to the complaint, Goodfellows routinely misclassified its dancers, including Plaintiffs, as independent contractors rather than employees. (Id.). This misclassification allegedly led to the wrongful withholding of minimum wage compensation from Plaintiffs, as

1

well as all other dancers similarly situated. (Id.). Plaintiffs also allege that when they sought their minimum wage compensation from Goodfellows, Goodfellows retaliated by terminating the Plaintiffs and blacklisting them from other clubs. (Id.).

In response, Plaintiffs filed the instant action on January 26, 2021, alleging three counts against Goodfellows: violations of the Fair Labor Standards Act's (FLSA) minimum wage provisions (Count I), violations of the Florida Minimum Wage Act's (FMWA) minimum wage provisions (Count II), and retaliation under the FLSA (Count III). (Id.).

On March 10, 2021, Plaintiffs moved to conditionally certify the matter as a collective action (Doc. # 25), which the Court denied without prejudice. (Doc. # 30). The parties subsequently mediated. (Doc. # 33). The mediation was successful, and on April 23, 2021, the mediator reported a full settlement of the matter. (Id.). The Court directed the parties to move for Court approval of the FLSA settlement (Doc. # 34), and on May 7, 2021, the parties filed the instant Motion. (Doc. # 35). The Motion is ripe for review.

## II. Discussion

Count I alleges that Goodfellows violated the minimum wage provisions of the FLSA. (Doc. # 1). Therefore, any

settlement between the parties of this count is subject to judicial scrutiny. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982).

At a mediation overseen by Mark Hanley, the parties reached a settlement wherein it was agreed Valentin would receive $7,674.37 in unpaid wages, Bunn would receive $9,578.01 in unpaid wages, and Dicorte would receive $325.26 in unpaid wages. (Doc. # 35 at 3-4). According to the parties, these figures are based on Goodfellows's business records, which identify "each instance Plaintiffs worked and/or performed inside Defendant's Brass Flamingo Gentlemen's Club." (Id.). The parties explain that under the proposed settlement, each Plaintiff will receive full minimum wage compensation for every hour of work logged in the Brass Flamingo records. (Id. at 3, 9). Furthermore, each Plaintiff will receive that same amount in liquidated damages, leading to a total of $15,348.74 for Valentin, $19,156.02 for Bunn, and $650.52 for Dicorte. (Id. at 4; Doc. # 35-1 at 3).

The goal of the FLSA is to ensure that "the wronged employee should receive [her] full wages." Zegers v. Countrywide Mortg. Ventures, LLC, 569 F. Supp. 2d 1259, 1261 (M.D. Fla. 2008) (citation omitted). Based on the parties' representation that this settlement provides each Plaintiff

3

with "two times (2x) the unpaid FLSA minimum wage compensation that [she] would be owed based on [the recorded number of hours worked at the Brass Flamingo]," (Doc. # 35 at 3, 9), the Court is satisfied that Plaintiffs are being fully compensated by the settlement.

It has also been agreed that Plaintiffs' counsel will receive $13,000 in attorneys' fees and costs. (Doc. # 35-1 at 3). The parties represent that this amount was the product of an "arm's length negotiation separate and apart from the settlement of Plaintiffs' FLSA claims." (Doc. # 35 at 9).

As explained in Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> if the parties submit a proposed FLSA settlement that,(1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Pursuant to Bonetti and other governing law, and considering an experienced mediator's role in overseeing the settlement

4

agreement, the Court approves the compromise reached by the parties in an effort to amicably settle this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of Settlement (Doc. # 35) is **GRANTED.**

(2) The parties' settlement is approved.

(3) This case is **DISMISSED WITH PREJUDICE.** The Court declines to retain jurisdiction to enforce the settlement agreement.

(4) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of May, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE